JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

William Crawford

**DEFENDANTS**

eResearchTechnology, Inc.

**(b)** County of Residence of First Listed Plaintiff    Burlington County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian C. Farrell, Esq., Console Mattiacci Law, LLC
1525 Locust St., 9th Fl., Philadelphia, PA 19102 (215) 545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| | | | | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq.

Brief description of cause:
Plaintiff was discriminated against because of his age.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:
JUDGE _____    DOCKET NUMBER _____

DATE
08/06/2021

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Medford, NJ 08055 _____

Address of Defendant: _____ 1818 Market Street, Suite 100, Philadelphia, PA 19103 _____

Place of Accident, Incident or Transaction: _____ 1818 Market Street, Suite 100, Philadelphia, PA 19103 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/06/2021  _____ Attorney-at-Law / Pro Se Plaintiff _____  319145 _____ Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Brian C. Farrell _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 08/06/2021  _____ Attorney-at-Law / Pro Se Plaintiff _____  319145 _____ Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| William Crawford | : | CIVIL ACTION |
|  | : |  |
| v. | : |  |
|  | : |  |
| eResearchTechnology, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

| 08/06/2021 |  | Plaintiff, William Crawford |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | farrell@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

_____     :
                                    :
**William Crawford**                :
                                    :          **CIVIL ACTION NO.**
                    **Plaintiff,**  :
                                    :
           **v.**                   :
                                    :
**eResearchTechnology, Inc.;**      :
                                    :          **JURY TRIAL DEMANDED**
                    **Defendant.**  :
_____     :

## COMPLAINT

## I.     INTRODUCTION

Plaintiff William Crawford ("Plaintiff") brings this civil action against Defendant eResearchTechnology, Inc. ("Defendant" or "ERT"), his former employer, for violations of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code §9-1100, *et seq.* ("PFPO"). Plaintiff seeks damages, including economic, compensatory, punitive, liquidated, attorneys' fees, and all other relief that this Court deems appropriate.

## II.    PARTIES

1.      Plaintiff William Crawford is a U.S. citizen and resident of the state of New Jersey, residing therein in Medford, NJ 08055.

2.      Plaintiff was born in 1956 and is currently sixty-five (65) years old. Plaintiff was sixty-three (63) years old at the time Defendant terminated his employment.

3.      Defendant eResearchTechnology, Inc., is a corporation organized and existing under the laws of Delaware, with its principal place of business at 1818 Market Street, Suite 100,

1

Philadelphia, PA 19103.

4.      ERT is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

5.      At all relevant times, ERT employed more than twenty (20) employees.

6.      At all relevant times, ERT acted by and through its authorized agents and/or employees, each of whom acted within the course and scope of their authority and employment with ERT.

7.      At all relevant times, ERT acted as an employer within the meaning of the statutes which form the basis of this matter.

8.      At all relevant times, Plaintiff was an employee of ERT within the meaning of the statutes which form the basis of this matter.

9.      At the time ERT terminated Plaintiff's employment, Plaintiff worked out of ERT's Philadelphia headquarters at 1818 Market Street.

## III.   <u>JURISDICTION AND VENUE</u>

10.      The causes of action which form the basis of this matter arise under the ADEA, 29 U.S.C. §621, *et seq.*, the PHRA, 43 P.S. §951, *et seq.*, and the PFPO, Phila. Code §9-1100, *et seq.*

11.      The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

12.      The District Court has jurisdiction over Count II (PHRA) and Count III (PFPO) pursuant to 28 U.S.C. §1367.

13.      The District Court also has jurisdiction over all Counts (ADEA, PHRA, PFPO) pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and there exists complete diversity of citizenship, as

Plaintiff is a citizen of the state of New Jersey and ERT is not a citizen of the state of New Jersey.

14.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

15.     On or about September 18, 2019, Plaintiff filed a Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination alleged herein. This Charge was cross-filed with the United States Equal Employment Opportunity Commission ("EEOC").  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the PHRC Charge of Discrimination, with personal identifying information redacted.

16.     On or about May 18, 2021, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice, with personal identifying information redacted.

17.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

18.     ERT is a global data and technology company that specializes in providing clinical services and customizable medical devices to companies in the biopharmaceutical and healthcare industries.

19.     Plaintiff was a long-time employee for ERT, with his career spanning over 38 years. ERT hired Plaintiff on December 30, 1980 and ultimately terminated his employment on July 24, 2019.

20.     At all relevant times, Plaintiff held the position of Director, Quality Control & Process Implementation in ERT's Cardiology Department. Plaintiff's performance in this role was consistently excellent.

21.     In or about July 2018, ERT assigned Plaintiff to a new supervisor: Andrew Fitzgibbon ("Fitzgibbon"). At that time, Fitzgibbon was approximately 47 years old and held the job title of Vice President of Clinical Data Operations. Fitzgibbon reported to Robert Shambaugh ("Shambaugh"), Executive Vice President of Operations Delivery and Fulfillment.

22.     Plaintiff (63) was the oldest employee reporting directly to Fitzgibbon.

23.     On July 24, 2019, during a meeting, Fitzgibbon abruptly terminated Plaintiff's employment, effective that day.

24.     Plaintiff was blindsided by the news of his termination. Prior to July 24, 2019, Plaintiff had no indication that his job was in jeopardy.

25.     Fitzgibbon's stated reason for Plaintiff's termination was "position elimination" as part of a company-wide reduction in force.

26.     During the termination meeting, Fitzgibbon told Plaintiff that he could retire in lieu of termination. Plaintiff refused Fitzgibbon's offer of a forced retirement.

27.     ERT retained substantially younger employees similarly situated to Plaintiff in connection with the July 24, 2019 reduction in force, including, but not limited to, Andrew Gilbert (age 42), Director of Data Coordination; Andres Escalon (age 45), Director of Clinical Outcomes; and James Sowash (age 47), Director of Respiratory Operations. These employees worked alongside Plaintiff in ERT's Cardiology Department and also reported directly to Fitzgibbon at the time of the reduction in force.

28.     Plaintiff was the only employee reporting to Fitzgibbon who had his employment terminated in connection with the July 24, 2019 reduction in force.

29.     Plaintiff was the only employee in ERT's Cardiology Department terminated in connection with the July 24, 2019 reduction in force.

4

30.     ERT reassigned Plaintiff's job duties and direct reports to a substantially younger, less qualified, and less experienced employee: James Sowash (age 47).

31.     ERT presented Plaintiff with a "Separation Agreement and General Release" in connection with the July 24, 2019, which Plaintiff did not sign.

32.     The Separation Agreement and General Release contained certain informational disclosures and demographic information for the July 24, 2019 reduction in force as required by the Older Workers Benefit Protection Act ("OWBPA").

33.     In the document entitled "Older Workers Benefit Protection Act Disclosure Notice" ("OWBPA Notice"), ERT set forth the "job titles and ages . . . of all employees within the Decisional Unit who were selected for termination and those who were not selected for termination."

34.     The OWBPA Notice indicated that ERT terminated twelve (12) total employees in the "Decisional Unit" for the July 24, 2019 reduction in force, including Plaintiff. Ten of those employees were age 40 or over.

35.     The OWBPA Notice also indicated that ERT retained 215 employees under age 40 in the Decisional Unit.

36.     ERT's stated reason for Plaintiff's termination was a pretext for unlawful age discrimination.

37.     ERT terminated Plaintiff's employment because of his age (63).

38.     On or about August 7, 2019, following his termination, Plaintiff learned that one of his former colleagues in ERT's Cardiology Department—Jorja Tozer (age 60)—would be resigning from her position as a Director of Cardiac Operations, effective September 6, 2019.

39.     Plaintiff was qualified to perform Tozer's position of Director of Cardiac

Operations, having performed that role previously during his employment with ERT.

40.     After hearing the news of Tozer's impending resignation, Plaintiff applied for the position of Director of Cardiac Operations with ERT.

41.     Specifically, on August 14, 2019, Plaintiff emailed the following message to Fitzgibbon, Joanne Tanhauser, Senior Director, Strategic Business Partner, and Michele Buonopane, Vice President and Chief Human Resources Officer:

> "I have just heard that Jorja Tozer is retiring as of September 6.  As you know, I was not ready to end my position as QC Director therefore, would like to be considered for the job.  Because I previously held this position, I am fully aware and capable of the responsibilities entailed.  Please consider this my request to apply for the open Operations Director position. I look forward to hearing from you."

42.     On September 5, 2019, Plaintiff received an email from Sarah Robinson, Senior Director, Strategic Human Resources Business Partner, that stated the following: "Apologies for the delay in responding to your email. After careful consideration we have decided not to backfill Jorja's role and as a result will not be replacing the position."

43.     Robinson's stated reason for rejecting Plaintiff's application was a pretext for unlawful age discrimination.

44.     ERT failed to hire Plaintiff into the Director of Operations position due to his age (63).

45.     Upon information and belief, ERT ultimately assigned Tozer's job duties and direct reports to two substantially younger, less qualified, and less experienced employees: Nisha Patel (age 40), Cardiac Safety Manager, and Emily Roan (age 32), Lead Cardiac Safety Specialist.

46.     As a direct and proximate result of the discriminatory conduct of ERT, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of

benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

47.　　ERT acted with malice and/or reckless indifference to Plaintiff's protected rights.

48.　　The conduct of ERT, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages.

### COUNT I – ADEA
**(Disparate Treatment Based on Age)**
**Plaintiff v. Defendant**

49.　　Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

50.　　ERT intentionally discriminated against Plaintiff based on his age.

51.　　By committing the foregoing acts of age discrimination against Plaintiff, including, without limitation, terminating Plaintiff employment and rejecting his application/failing to hire him into the Director of Cardiac Operations position, ERT has violated the ADEA.

52.　　 As a direct and proximate result of ERT's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of ERT's discriminatory acts unless and until this Court grants the relief requested herein.

53.　　ERT's violations of the ADEA were intentional and willful under the circumstances and warrant the imposition of liquidated damages.

### COUNT II - PHRA
**(Disparate Treatment Based on Age)**
**Plaintiff v. Defendant**

54.　　Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

55.     ERT intentionally discriminated against Plaintiff based on his age.

56.     By committing the foregoing acts of age discrimination against Plaintiff, including, without limitation, terminating Plaintiff employment and rejecting his application/failing to hire him into the Director of Cardiac Operations position, ERT has violated the PHRA.

57.      As a direct and proximate result of ERT's violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of ERT's discriminatory acts unless and until this Court grants the relief requested herein.

**COUNT IV - PFPO**
**(Disparate Treatment Based on Age)**
**Plaintiff v. Defendant**

58.     Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

59.     ERT intentionally discriminated against Plaintiff based on his age.

60.     By committing the foregoing acts of age discrimination against Plaintiff, including, without limitation, terminating Plaintiff employment and rejecting his application/failing to hire him into the Director of Cardiac Operations position, ERT has violated the PFPO.

61.      As a direct and proximate result of ERT's violation of the PFPO, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of ERT's discriminatory acts unless and until this Court grants the relief requested herein.

62.     ERT acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and its conduct warrants the imposition of punitive damages under the PFPO.

## RELIEF

**WHEREFORE**, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that this Court grant him the following relief by:

(a)    declaring the acts and practices complained of herein to be in violation of the ADEA;

(b)    declaring the acts and practices complained of herein to be in violation of PHRA;

(c)    declaring the acts and practices complained of herein to be in violation of the PFPO;

(d)    enjoining and permanently restraining the violations alleged herein;

(e)    entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(f)    awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(g)    awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(h)    awarding punitive damages to Plaintiff;

(i)    awarding liquidated damages to Plaintiff under the ADEA;

(j)    awarding Plaintiff such other damages as are appropriate under the ADEA, PHRA, and PFPO;

(k)    awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(l)      granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

**CONSOLE MATTIACCI LAW, LLC**

By: /s/ Brian C. Farrell
Brian C. Farrell, Esquire
Console Mattiacci Law, LLC
1525 Locust Street, Ninth Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 565-2851 (fax)
farrell@consolelaw.com
Attorney for Plaintiff, William Crawford

Date: August 6, 2021

10

Exhibit "1"

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

Received

SEP 1 8 2019

PA Human Relations Commission
Philadelphia Regional Office

|  |  |  |
|---|---|---|
| William Crawford, | : | |
| Complainant | : | |
| | : | |
| | : | |
| v. | : | PHRC Case No. 201902374 |
| | : | |
| eResearch Technology, Inc.; ERT | : | EEOC No. 17F202060540 |
| Clinical, | | |
| Respondents | : | |
| | : | |

## COMPLAINT

### JURISDICTION

1.   Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

### PARTIES

2.   The Complainant herein is:

William Crawford
redacted
Medford, NJ  08055

3.   The Respondents herein are:

eResearch Technology, Inc.; ERT Clinical
1818 Market Street
Suite 1000
Philadelphia, PA 19103

Received

SEP 1 8 2019

PA Human Relations Commission
Philadelphia Regional Office

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

### COMPLAINT

|  |  |  |
|---|---|---|
| COMPLAINANT: | : | |
| **WILLIAM CRAWFORD** | : | Docket No. *201902374* |
| v. | : | |
| RESPONDENTS: | : | |
| **ERESEARCH TECHNOLOGY, INC.** | : | |
| and | : | |
| **ERT CLINICAL** | : | |

1. The Complainant herein is:

   Name:        William Crawford

   Address:     ▇redacted▇
                Medford, NJ 08055

2. The Respondents herein are:

   Name:        eResearch Technology, Inc.; ERT Clinical

   Address:     1818 Market Street, Suite 1000
                Philadelphia, PA 19103

3. I, William Crawford, the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (63) as set forth below:

### Discrimination

**A. I specifically allege:**

   [1]        I was hired by Respondents on or about December 30, 1980.

[2]     I had more than thirty-eight (38) years of service at Respondents.

[3]     I consistently performed my job duties in a highly competent manner, and received positive feedback.

[4]     I last held the position of Director, Quality Control and Process Implementation.

[5]     I last reported to Andrew Fitzgibbon (47[1]), Vice President of Clinical Data Operations. Fitzgibbon reported to Robert Shambaugh (52), Executive Vice President of Operations Delivery and Fulfillment.

[6]     In or about July 2018, I began directly reporting to Fitzgibbon.

[7]     In or about October 2018, I began indirectly reporting to Shambaugh.

[8]     I was the oldest employee directly reporting to Fitzgibbon.

[9]     I was the oldest employee indirectly reporting to Shambaugh.

[10]    At the time of my termination, the following employees were directly reporting to Fitzgibbon: Andrew Gilbert (42), Director of Data Coordination; Andres Escalon (45), Director of Clinical Outcomes; James Sowash (47), Director of Respiratory Operations; and Jorja Tozer (60), Director of Cardiac Operations. I was qualified to perform many of these employees' positions.

[11]    On July 24, 2019, in a meeting with Fitzgibbon, Respondents terminated my employment, effective immediately. I was blindsided. Before the termination meeting, I had no indication that my job was in jeopardy. The stated reason for my termination was position elimination. I was told that I had the opportunity to retire on my own instead of being terminated. I refused. I was told that, due to my tenure at Respondents, my name would not be included on the announcement with the names of other employees terminated that day.

---

[1] All ages herein are approximations.

[12]     Respondents terminated my employment because of my age.

[13]     Respondents offered no explanation, including the selection criteria, as to why I was terminated and the younger employees were retained.

[14]     I was the only employee directly reporting to Fitzgibbon that was terminated on July 24, 2019.

[15]     I was the only employee indirectly reporting to Shambaugh that was terminated on July 24, 2019.

[16]     All of Fitzgibbon's other direct reports, all of whom were younger than me, were retained when I was terminated.

[17]     All of Shambaugh's other indirect reports, all of whom were younger than me, were retained when I was terminated.

[18]     All of my direct reports, all of whom were younger than me, were retained when I was terminated.

[19]     Respondents assigned my job duties and my direct reports to Sowash (47). I was more qualified to perform my job duties and supervise my direct reports than the substantially younger employee who was retained and assigned my job duties and direct reports.

[20]     I had no disciplinary or performance issues throughout my employment.

[21]     Respondents did not offer me a downgraded position, a position with reduced pay, or any position before terminating my employment.

[22]     I was the only employee in the Cardiology Department that Respondents terminated.

[23]    All four (4) employees that Respondents retained in the Cardiology Department, within the Decisional Unit, defined as "other employees within the Operations function," when I was terminated, are younger than I am.

[24]    Ten (10) out of the twelve (12) employees that Respondents terminated in the Decisional Unit, when I was terminated, are age forty (40) and above, and five (5) are age fifty (50) and above.

[25]    Respondents retained two hundred fifteen (215) employees under age forty (40), out of two hundred seventeen employees that Respondents retained in the Decisional Unit.

[26]    On or about August 7, 2019, I learned that Tozer would be resigning from her position at Respondents, effective September 6, 2019. I was qualified for the position, as I had performed the position previously.

[27]    On August 14, 2019, in an email to Fitzgibbon, Joanne Tanhauser (45), Senior Director, Strategic Business Partner, and Michele Buonopane (45), Vice President and Chief Human Resources Officer, I applied for the Director of Cardiac Operations position. I stated the following: "I have just heard that Jorja Tozer is retiring as of September 6. As you know, I was not ready to end my position as QC Director therefore, would like to be considered for the job. Because I previously held this position, I am fully aware and capable of the responsibilities entailed. Please consider this my request to apply for the open Operations Director position. I look forward to hearing from you."

[28]    On August 14, 2019, I received an email from Tanhauser, stating that my email was received and that I would be contacted regarding next steps.

[29]      On September 5, 2019, I received an email from Sarah Robinson Senior Director, Strategic Human Resources Business Partner, stating the following: "Apologies for the delay in responding to your email. After careful consideration we have decided not to backfill Jorja's role and as a result will not be replacing the position."

[30]      Respondents' stated reasons are pretext.

[31]      Respondents failed to hire me into the position because of my age.

[32]      Respondents assigned Tozer's job duties and direct reports to Nisha Patel (40), Cardiac Safety Manager, and Emily Roan (32), Lead Cardiac Safety Specialist. I was more qualified to perform the job duties and supervise the direct reports than the substantially younger employees who was retained and assigned these job duties and direct reports.

[33]      I was not offered any opportunity to remain employed with Respondents.

[34]      Respondents' comments and conduct evidence a bias against older employees.

**B.** Based on the aforementioned, I allege that Respondents have discriminated against me because of my age (63), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.      The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

__X__      **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):   __(a)__**

_____      Section 5.1 Subsection(s) _____

     ____    Section 5.2 Subsection(s) _____

     ____    Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961,

P.L. 766, as amended) Section 4 Subsection(s) _____

5.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

    **X**    **This charge will be referred to the EEOC for the purpose of dual filing.**

6.    The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.


_September 18, 2019_                    _William Crawford_
(Date Signed)                           (Signature)    William Crawford
                                                       redacted
                                                       Medford, NJ 08055

Exhibit "2"

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: William Crawford | From: | Philadelphia District Office |
|---|---|---|
| redacted | | 801 Market Street |
| Medford, NJ 08055 | | Suite 1000 |
| | | Philadelphia, PA 19107 |

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2020-60540 | **Damon A. Johnson,**<br>**State, Local & Tribal Program Manager** | **(267) 589-9722** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Dana R Hutter*

**Dana R. Hutter,**
**Deputy Director**

May 18, 2021

*(Date Issued)*

Enclosures(s)

cc:

| For Respondent: | For Charging Party: |
|---|---|
| Kayleen Egan, Esq. | Brian C. Farrell, Esq. |
| Littler Mendelson, P.C. | Console Mattiacci Law LLC |
| Three Parkway | 1525 Locust Street |
| 1601 Cherry Street, Suite 1400 | 9th Floor |
| Philadelphia, PA 19102 | Philadelphia, PA 19102 |